JOHNSON & PHAM, LLP
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
Nicole Drey Huerter, SBN: 250235
        E-mail: ndrey@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>ARTHUR SCHWARTZ, an Individual d/b/a DIRECT SOFTWARE CONNECTION; PERFECT SHAREWARE, INC., a Florida Corporation; and DOES 1-10, Inclusive,<br><br>        Defendants. | Case No.: 5:18-cv-05092<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) COPYRIGHT INFRINGEMENT [17 U.S.C. §501(a)]**<br><br>**(2) CIRCUMVENTION OF COPYRIGHT PROTECTION SYSTEMS [17 U.S.C. §1201]**<br><br>**(3) TRADEMARK INFRINGEMENT [15 U.S.C. §1114 / *Lanham Act* §32(a)]**<br><br>**(4) FALSE DESIGNATION OF ORIGIN / FALSE OR MISLEADING ADVERTISING / UNFAIR COMPETITION [15 U.S.C. §1125(a) / *Lanham Act* §43(a)]**<br><br>**(5) TRADEMARK DILUTION [15 U.S.C. §1125(c)]**<br><br>**(6) UNLAWFUL / UNFAIR / FRAUDULENT BUSINESS PRACTICES [*California Business & Professions Code* §17200]**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiff Adobe Systems Incorporated to hereby file its Complaint for Damages against Defendants Arthur Schwartz d/b/a Direct Software Connection, Perfect Shareware, Inc., and Does 1-10, inclusive (collectively, "Defendants").

## PARTIES

1.      Plaintiff Adobe Systems Incorporated (hereinafter "Plaintiff" or "Adobe") is now, and was at the time of the filing of this Complaint and at all intervening times, a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in San Jose, California.

2.      Plaintiff is informed and believes that Defendant Arthur Schwartz (hereinafter "Schwartz") is an individual residing in and doing business as Direct Software Connection from Delray Beach, Florida.

3.      Plaintiff is informed and believes that Defendant Perfect Shareware, Inc. (hereinafter "Perfect Shareware") is a corporation organized and existing under the laws of the State of Florida, having its principal place of business in Boca Raton, Florida.

4.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as Does 1-10, inclusive, are unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

5.      Plaintiff further alleges that Defendants Schwartz, Perfect Shareware, and Does 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible upon the causes of action hereinafter set forth.

6.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants Schwartz, Perfect Shareware, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION

7.      This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338 (a) and (b), in that the case arises out of claims for copyright infringement

- 2 -
**COMPLAINT FOR DAMAGES**

under 17 U.S.C. §501(a), circumvention of copyright protection systems under 17 U.S.C. §1201, trademark infringement, false designation of origin / false or misleading advertising / unfair competition, and dilution under the *Lanham Act* (15 U.S.C. §1051 *et seq.*), and.  This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §§1367(a) and 1338 (a) and (b).

8.      This Court has personal jurisdiction over Defendants because on information and belief, Defendants have purposefully directed their actions to California and this judicial district, and/or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.  Specifically, Defendants have willfully and intentionally advertised, offered to sell, sold and distributed unauthorized, counterfeit copies of volume-licensed, electronic software download versions of Plaintiff's software programs to consumers, and instructed consumers on how to circumvent Plaintiff's copyright protection systems before and after being put on notice by Plaintiff.

9.      Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b), because on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district and has caused damages to Plaintiff in this district.

**INTRADISTRICT ASSIGNMENT**

10.      Pursuant to Rule 3-2(c) of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California ("Civil L.R.") and the Court's Assignment Plan, this is an Intellectual Property Action to be assigned on a district-wide basis.

11.      Assignment to the San Jose Division would be appropriate, pursuant to Civil L.R. 3-2(e), because a substantial part of the events that give rise to Plaintiff's claims against Defendants occurred in Santa Clara County, California, where Plaintiff's principal place of business is located.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

**GENERAL ALLEGATIONS**

**Plaintiff and its Famous ADOBE®-Branded Computer Software Products**

12.     Plaintiff is a global leader in developing and distributing innovative computer software.  Its products and services offer developers and enterprises tools for creating, managing, delivering and engaging with compelling content across multiple operating systems, devices and media.  The software industry is competitive, and Plaintiff undertakes great expense and risk in conceiving, developing, testing, manufacturing, marketing, and delivering its software products to consumers.  Software piracy undermines Plaintiff's investment and creativity, and misleads and confuses consumers.

13.     The success of Plaintiff's ADOBE®-branded computer software products and services, among others (collectively referenced and referred to herein as "Adobe-Branded Software"), is due in part to Plaintiff's marketing and promotional efforts.  These efforts include advertising and promotion through Plaintiff's websites, print and other Internet-based advertising, among other efforts.  Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its Adobe-Branded Software and the associated marks thereto.

14.     The success of the Adobe-Branded Software, and other products and services related thereto, is not due to Plaintiff's promotional efforts alone.  Rather, the popularity of Adobe-Branded Software is also due in part to consumers and the word of mouth buzz consumers have generated.

15.     As a result of Plaintiff's efforts, the quality of Plaintiff's products, and the promotion and word of mouth buzz, Adobe-Branded Software and the associated marks thereto have been prominently placed in the minds of the public.  Consumers, purchasers and members of the public have become familiar with Plaintiff's software and other products and services and have come to recognize Adobe-Branded Software and the associated marks thereto and associate them exclusively with Plaintiff.  Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.  Indeed, Adobe-Branded Software and the associated marks thereto are famous in the United States and throughout the world and have acquired secondary

**COMPLAINT FOR DAMAGES**

1    meaning in the minds of consumers.

2         16.    While Plaintiff has gained significant common law trademark and other rights in

3    its Adobe-Branded Software through its use, advertising and promotion, Plaintiff has also

4    protected its valuable rights by filing for and obtaining federal trademark and copyright

5    registrations.

6         17.    Plaintiff has secured trademark registrations from the United States Patent and

7    Trademark Office ("U.S.P.T.O.") for the **ADOBE**® (U.S.P.T.O. Reg. No. 1,475,793),

8    **CREATIVE SUITE**® (U.S.P.T.O. Reg. No. 3,111,341), **LIGHTROOM**® (U.S.P.T.O. Reg. No.

9    3,288,605), **ADOBE PHOTOSHOP**® (U.S.P.T.O. Reg. No. 1,651,380), **PHOTOSHOP**®

10   (U.S.P.T.O. Reg. Nos. 1,850,242; 2,920,764; 3,702,607), **ADOBE ILLUSTRATOR**®

11   (U.S.P.T.O. Reg. No. 1,479,408), **ILLUSTRATOR**® (U.S.P.T.O. Reg. No. 2,060,488),

12   **INDESIGN**® (U.S.P.T.O. Reg. No. 2,439,079), **ACROBAT**® (U.S.P.T.O. Reg. Nos. 1,833,219;

13   3,652,382), **FLASH**® (U.S.P.T.O. Reg. Nos. 2,852,245; 2,855,434), **DREAMWEAVER**®

14   (U.S.P.T.O. Reg. No. 2,294,926), **FIREWORKS**® (U.S.P.T.O. Reg. No. 2,043,911), **ADOBE**

15   **PREMIERE**® (U.S.P.T.O. Reg. No. 1,769,184), **AFTER EFFECTS**® (U.S.P.T.O. Reg. No.

16   1,970,781), **ADOBE AUDITION**® (U.S.P.T.O. Reg. No. 2,861,671), **SPEEDGRADE**®

17   (U.S.P.T.O. Reg. No. 4,142,777), **PRELUDE**® (U.S.P.T.O. Reg. No. 4,262,546), **ADOBE**

18   **ENCORE**® (U.S.P.T.O. Reg. No. 2,916,709), **ENCORE**® (U.S.P.T.O. Reg. No. 2,949,766) and

19   **FLASH BUILDER**® (U.S.P.T.O. Reg. No. 3,857,720) word marks for computer software

20   ("Plaintiff's Word Marks").

21        18.    In addition, Plaintiff has registered or has an application pending for registration

22   from the U.S.P.T.O. of the following design stylized marks for computer software ("Plaintiff's

23   Design Mark"):



(U.S.P.T.O. Reg No. 1,901,149)

- 5 -
**COMPLAINT FOR DAMAGES**

1
2
3
4
5



6            (U.S.P.T.O. Reg No. 2,081,343)

7
8
9
10
11



12            (U.S.P.T.O. Reg No. 1,852,943)

13
14
15
16
17
18



19            (U.S.P.T.O. Reg No. 3,578,808)

20
21
22
23
24
25



26       (U.S.P.T.O. Serial No. 87941735) (*Pending Registration*)

27  / / /

28  / / /

**COMPLAINT FOR DAMAGES**

19.    Plaintiff's Adobe-Branded Software is copyrightable subject matter, and Plaintiff has secured copyright registrations for various versions of its software, specifically including but not limited to Plaintiff owns a copyright in the *Adobe Creative 6 Master Collection* (U.S. Copyright Registration Certificate No. TX0007568685) and *Lightroom* (U.S. Copyright Registration Certificate No. TX0007568685). *Adobe Creative 6 Master Collection* is a compilation copyright inclusive of the following individually copyrighted software programs: *Photoshop CS6 Extended* (Text, 2012-06-22, Reg. No. TX0007554295); *Illustrator CS6* (Text, 2012-05-07, Reg. No. TX0007620302); *InDesign CS6* (Text, 2012-06-21, Reg. No. TX0007620297); *Acrobat X Pro* (Computer File, 2011-01-11, Reg. No. TX0007358035); *Flash Professional CS6* (Computer File, 2012-05-07, Reg. No. TX0007555175); *Dreamweaver CS6* (Computer File, 2012-06-21, Reg. No. TX0007555170); *Fireworks CS6* (Computer File, 2012-06-21, Reg. No. TX0007555180); *Adobe Premiere Pro CS6* (Computer File, 2012-06-27, Reg. No. TX0007558286); *After Effects CS6* (Computer File, 2012-07-20, Reg. No. TX0007568717); *Adobe Audition CS6* (Computer File, 2012-06-21, Reg. No. TX0007555185); *SpeedGrade CS6* (Computer File, 2012-06-26, Reg. No. TX0007554942); *Prelude CS6* (Computer File, 2012-06-26, Reg. No. TX0007554952); *Encore CS6* (Text, 2012-07-17, Reg. No. TX0007567108); *Bridge CS6* (copyright pending); *Media Encoder CS6* (Computer File, 2012-07-24, Reg. No. TX0007570115); *Flash Builder 4.6 Premium Edition* (copyright pending) and integrates with Digital Publishing Suite ) ("Plaintiff's Copyrights").

## Plaintiff's Licensing Restrictions

20.    As part of its international licensing and distribution programs, Plaintiff imposes various restrictions on the distribution of all ADOBE® software, including Adobe-Branded Software. Every piece of Adobe-Branded Software is licensed. The Software License Agreement ("SLA"), which accompanies every piece of Adobe-Branded Software, explicitly states that all Adobe-Branded Software is licensed for use only and anyone obtaining Adobe-Branded Software is only granted a license for use. The SLA contains numerous restrictions and limitations on said use, including prohibiting the resale of Adobe-Branded Software.

/ / /

21.     In order to gain authorization to resell Adobe-Branded software, one must enter into a distribution or reseller agreement with Plaintiff. Every distribution or reseller agreement entered into by Plaintiff also states that all Adobe-Branded Software is subject to a license with significant restrictions placed on the distributor's or reseller's ability to resell, including to whom they are authorized to resell. The reseller does not and cannot transfer the right to resell to any third party, including to their purchasers of the Adobe-Branded Software. Plaintiff maintains title to the Adobe-Branded Software at all times and at no point does it transfer any ownership of title.

22.     Subsequent purchasers (regardless of whether they are end users or resellers) cannot receive more than the extent of rights possessed by the person or entity selling the Adobe-Branded Software to them. Accordingly, each and every purchaser, reseller, or user who acquires any Adobe-Branded Software acquires only a license to use, which is subject to numerous restrictions on the exact use, location of distribution, transfer, and even who is qualified to obtain the product in certain circumstances.

23.     One specific type of licensed Adobe-Branded Software is volume-licensed software. To better serve its organizational and commercial clients that require numerous copies of the same software for multiple users, Plaintiff has developed various programs, including the Transactional Licensing Program ("TLP"), through which an organization may purchase an Adobe-Branded Software and activate it on multiple computers, simply paying an additional fee (often discounted from the full retail price) for each additional license. These licenses, however, are limited to users or machines within the same organization. These licenses are not to be sold to individuals outside of or not related to the original organization licensee.

24.     Another specific type of licensed Adobe-Branded Software distributed by Plaintiff is that of Electronic Software Download ("ESD") versions of Adobe-Branded Software.  In order to sell licenses for ESD versions of Adobe-Branded Software a reseller must be specifically authorized by Plaintiff.

/ / /

/ / /

/ / /

**Defendants' Dealings in Unauthorized, Counterfeit ESD Versions of Adobe-Branded Software and Serial Number License Keys**

25.     Defendants offer for sale, sell and distribute unauthorized, counterfeit Adobe-Branded Software through their websites – www.directsoftwareconnection.com and www.perfectshareware.com, and use Plaintiff's Word Marks, Plaintiff's Design Marks and Plaintiff's Copyrights in advertising.

26.     Defendants' are not authorized distributors of Adobe-Branded Software. Specifically, Plaintiff has never authorized or consented to Defendants' dealings in TLP or ESD version of Adobe-Branded Software and Plaintiff has never authorized Defendants to manufacture, copy, sell, distribute any of Plaintiff's Copyrights or to use any of Plaintiff's Word Marks or Plaintiff's Design Marks on or in connection with Adobe-Branded Software.

27.     On or about November 20, 2017, Plaintiff attempted to purchase from Defendants what was advertised as "Photoshop CS6 Extended and Lightroom 4" through Defendants' website - www.directsoftwareconnection.com/photoshopcs6.com - for a cost of $151.00.

28.     On November 21, 2017, Defendants sent an e-mail refusing to process the order and acknowledging knowledge that the purchase of "Photoshop CS6 Extended and Lightroom 4" through their website was being made on behalf of Plaintiff and indicating:  "Please **cease and desist** and do not place a fake order again."

29.     On or about November 22, 2017, an investigator for Plaintiff purchased from Defendants what was advertised as "Adobe Photoshop CS6 Extended and Adobe Lightroom 4" through Defendants' website - www.directsoftwareconnection.com/photoshopcs6.com - for a cost of $151.00.  Payment was made to Defendants' via a credit card transaction processed through Defendants' website (Order ID: 286248381).

30.     On or about November 24, 2017, Plaintiff's investigator received an e-mail from Defendants thanking the investigator for making an "Adobe purchase" and informing the investigator that Defendants "upgraded" the order for Adobe Photoshop CS6 Extended and Adobe Lightroom 4 to the "Adobe CS6 MASTER COLLECTION" at no extra charge.  This e-mail and several subsequent e-mails sent by Defendants to Plaintiff's investigator included links to key

generator programs used to create product licensing keys in circumvention of Plaintiff's copyright protection systems for the Adobe-Branded Software purchased and identified several different serial key numbers to use in order to download the Adobe-Branded Software purchased.

31.     Plaintiff inspected each of the different serial key numbers provided by Defendants in order to download the ESD versions of Adobe-Branded Software purchased and confirmed that each serial key number was a non-genuine, counterfeit.

32.     On February 8, 2018, Plaintiff sent a cease and desist notice to Defendants putting them on notice of copyright and trademark in infringement claims. The cease and desist notice was accompanied by a draft complaint, which would initiate a lawsuit against Defendants in the Northern District of California.

33.     Despite notice, Defendants continue to deal in unauthorized, counterfeit copies of TLP and ESD versions of Adobe-Branded Software.  Most egregiously, Defendants use and continue to use Plaintiff's registered "A" trademark (U.S.P.T.O. Reg. No. 2,081,343) as a favicon (website/tab icon) for both the directsoftwareconnection.com and perfect-shareware.com websites. This is the exact same trademark that Plaintiff uses as its own favicon (website/tab icon) on its website, www.adobe.com.  Examples of each of Defendants' infringing favicon uses are below:



/ / /

/ / /

**COMPLAINT FOR DAMAGES**

**Since 1994**
**Perfect-Shareware**
*Delivering Exceptional Value*

**790 E High Point Drive #A**
**Delray Beach, Florida 33445**
**(305) 761-7617**

34.     On information and belief, it has become apparent to Plaintiff that Defendants are engaged in an ongoing piratical concern whose primary business consists of systematically infringing upon Plaintiff's Trademarks and Copyrights in order to generate substantial illegal revenues.

35.     By these sales and on information and belief, Defendants have advertised, marketed, offered for sale, sold and distributed numerous counterfeit and/or unauthorized Adobe-Branded Software products to consumers that infringe on Plaintiff's Word Marks, Plaintiff's Design Marks and Plaintiff's Copyrights, resulting in thousands if not millions of dollars in ill-begotten gains from Defendants' infringement.

36.     Defendants' dealings in unauthorized, counterfeit copies of Adobe-Branded Software violate Plaintiff's exclusive rights in Plaintiff's Copyrights and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiff's Word Marks and Plaintiff's Design Marks to confuse consumers and aid in the promotion and sales of Defendants' unauthorized product in circumvention of Plaintiff's copyright protection systems.

37.     Defendants' conduct and use began long after Plaintiff's adoption and use of Plaintiff's Word Marks and Plaintiff's Design Marks, and after these marks became famous. Indeed, Defendants had knowledge of Plaintiff's ownership of the trademarks, and of the fame in such trademarks, prior to the actions alleged herein and adopted them in bad faith and with intent

**COMPLAINT FOR DAMAGES**

to cause confusion and dilute Plaintiff's trademarks. Defendants also had knowledge of Plaintiff's ownership of its copyrights and copied, imported, offered for sale, sold, and/or distributed unauthorized copies of the copyright protected Adobe-Branded Software in order to illegally profit from Plaintiff's Copyrights.

38.     Having been put on notice by Plaintiff's cease and desist correspondences, Defendants' actions were committed with full knowledge that their conduct constituted infringement of Plaintiff's Copyrights in and to the Adobe-Branded Software.

39.     Defendants' actions were committed in bad faith and with the intent to dilute Plaintiff's Word Marks and Plaintiff's Design Marks, and to cause confusion, mistake or to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

40.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which has and will continue to cause irreparable harm to Plaintiff: (i) intentionally infringed Plaintiff's Copyrights; (ii) intentionally circumvented Plaintiff's copyright protection systems; (iii) intentionally infringed and diluted Plaintiff's rights in Plaintiff's Word Marks and Plaintiff's Design Marks; (iv) used counterfeit marks; (v) misled the public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (vi) used false designations of origin on or in connection with its goods and services; (vii) committed unfair competition; and (viii) unfairly profited from such activity. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## FIRST CAUSE OF ACTION

### (Infringement of Registered Copyrights against Defendants ARTHUR SCHWARTZ d/b/a DIRECT SOFTWARE CONNECTION, PERFECT SHAREWARE, INC., and DOES 1-10, Inclusive)

### [17 U.S.C. §501(a)]

41.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-40.

42.     Plaintiff is the exclusive owner of copyrights in the Adobe-Branded Software along with images and other protectable works related thereto and possesses copyright registrations with the United States Copyright Office relating to the same.

43.     Defendants did not seek and failed to obtain Plaintiff's consent or authorization to import, utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market software programs subject to Plaintiff's Copyrights.

44.     Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, manufactured and/or distributed Plaintiff's Copyrights by offering, advertising, promoting, selling and distributing unauthorized, counterfeit ESD copies of Adobe-Branded Software, which are, at a minimum, substantially similar to Plaintiff's Copyrights.

45.     Defendants' acts as alleged herein, constitute infringement of Plaintiff's Copyrights, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

46.     Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief, including but not limited to preliminary relief, as well as damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

**(Circumvention of Copyright Protection Systems against Defendants ARTHUR SCHWARTZ d/b/a DIRECT SOFTWARE CONNECTION, PERFECT SHAREWARE, INC., and DOES 1-10, Inclusive)**

**[17 U.S.C. §1201, et seq.])**

47.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-46.

48.     Plaintiff is the exclusive owner of copyrights in and related to its Adobe-branded software products and possesses copyright registrations with the United States Copyright Office relating to the same.

49.     Section 1201(a)(2) of the DMCA, 17 U.S.C. §1201(a)(2), provides, in pertinent part, that no person shall manufacture, import, offer to the public, provide, or otherwise traffic in

- 13 -
**COMPLAINT FOR DAMAGES**

any technology, product, service, device, component, or part thereof, that (A) is primarily designed for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title; (B) has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under this title; or (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that effectively controls access to a work protected under this title.

50.     Section 1201(b)(1) of the DMCA, 17 U.S.C. §1201(b)(1) provides, in pertinent part, that no person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof, that (A) is primarily designed for the purpose of circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner under this title in a work or a portion thereof, (B) has only limited commercially significant purpose or use other than to circumvent protection afforded by a technological measure that effectively protects a right of a copyright owner under this title in a work or a portion thereof, or (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner under this title in a work or a portion thereof.

51.     Adobe-Branded Software products are protected from unauthorized use, performance, copying, distribution, and/or access through encryption technologies. In order to access and/or use Adobe-Branded Software products, one must use a serial number software license key to de-encrypt the product. Adobe-Branded Software product serial number keys are components of technological measures that (a) effectively control distribution, copying, use, performance and access to works protected by the Copyright Act and (b) effectively protect copyrights from unauthorized distribution, copying, use, performance and access.

52.     Defendants traffic in, offer for sale, sell, provide and/or otherwise distribute unauthorized Adobe-Branded Software product serial number keys and provide instruction to buyers of Adobe-Branded Software on the use of key generators for the sole purpose of allowing

1    their customer's unauthorized access to and use of Adobe-Branded Software products and to

2    circumvent the technological measures otherwise preventing unauthorized access to and use of

3    Adobe-Branded Software products. Defendants market and sell unauthorized Adobe-Branded

4    Software serial number keys with knowledge that the serial number keys are unauthorized and

5    with the specific purpose that the unauthorized serial keys will be used by their customers to

6    circumvent technological measures otherwise preventing unauthorized access to and use of Adobe-

7    Branded Software products.

8         53.    By circumventing Plaintiff's encryptions otherwise preventing access to Adobe-

9    branded software products and by offering to the public and providing unauthorized serial number

10   software license keys, Defendants have violated 17 U.S.C. §§ 1201(a) and (b).

11        54.    Plaintiff has and will continue to sustain actual damage in that, among other things,

12   the sales of its legitimate Adobe-Branded Software products will be reduced and the respective

13   value and goodwill will be harmed as a result of Defendants' violation of 17 U.S.C. §§1201(a) and

14   (b). Plaintiff is entitled to Defendants' profits from its violations of 17 U.S.C. §§1201(a) and (b).

15   Alternatively, at its election, Plaintiff is entitled to an award of the maximum statutory damages

16   as permitted by the DMCA, 17 U.S.C. § 1203(c).

17        55.    Defendants' conduct, unless enjoined and restrained by the Court, will cause grave

18   and irreparable injury to Plaintiff, who has no adequate remedy at law. Pursuant to 17 U.S.C.

19   §1203, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief prohibiting

20   further violations of § 1201.

21        56.    Plaintiff is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. §1203.

22                           **THIRD CAUSE OF ACTION**

23   **(Infringement of Registered Trademarks against Defendants ARTHUR SCHWARTZ d/b/a**

24   **DIRECT SOFTWARE CONNECTION, PERFECT SHAREWARE, INC., and DOES 1-10,**

25                                    **Inclusive)**

26                          **[15 U.S.C. §1114/*Lanham Act* §32(a)]**

27        57.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-56.

28   / / /

58.     Plaintiff has continuously used Plaintiff's Word Marks and Plaintiff's Design Marks in interstate commerce since at least as early as 1993.

59.     Plaintiff, as the owner of all right, title and interest in and to Plaintiff's Word Marks and Plaintiff's Design Marks, has standing to maintain an action for trademark infringement under the Trademark Statute, 15 U.S.C. §1114.

60.     Defendants are, and at the time of their actions complained of herein were, actually aware that Plaintiff is the registered trademark holder of Plaintiff's Word Marks and Plaintiff's Design Marks.

61.     Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of Plaintiff's Word Marks and Plaintiff's Design Marks to deal in and commercially distribute, market and sell Adobe-Branded Software products bearing Plaintiff's Word Marks and Plaintiff's Design Marks into the stream of commerce.

62.     Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiff's Word Marks and Plaintiff's Design Marks in connection with the sale, offering for sale, and/or distribution of Defendants' unauthorized, counterfeit ESD software product downloads by importing, offering, advertising, promoting, retailing, selling, and/or distributing counterfeit and/or unauthorized ESD copies of Adobe-Branded Software bearing Plaintiff's Trademarks and using Plaintiff's Word Marks and Plaintiff's Design Marks in advertising.

63.     Defendants reproduced, counterfeited, copied, and colorably imitated of Plaintiff's Word Marks and Plaintiff's Design Marks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution and/or advertising of goods.  Defendants thereupon imported, offered, advertised, promoted, retailed, sold, and/or distributed counterfeit and/or unauthorized Adobe-Branded Software bearing Plaintiff's Word Marks and Plaintiff's Design Marks.

64.     Defendants' egregious and intentional use and sale of counterfeit and/or unauthorized items bearing Plaintiff's Word Marks and Plaintiff's Design Marks is likely to cause

confusion or mistake, or to deceive, mislead, betray, and defraud consumers who believe that items being offered for sale by Defendants are authorized products manufactured and distributed by Plaintiff.

65.    Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in Plaintiff's Word Marks and Plaintiff's Design Marks.  Defendants' acts have been committed with knowledge that their conduct infringes Plaintiff's rights in Plaintiff's Word Marks and Plaintiff's Design Marks.  Defendants have acted willfully, in bad faith, and with the intent to cause confusion, mistake or to deceive.

66.    Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to Plaintiff's Word Marks and Plaintiff's Design Marks and the goodwill associated therewith, for which it has no adequate remedy at law.  Thus, Plaintiff requests injunctive relief, including but not limited to preliminary relief.

67.    Defendants' continued and knowing use of Plaintiff's Word Marks and Plaintiff's Design Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 U.S.C. §1114.  Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by sections 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

**FOURTH CAUSE OF ACTION**

**(False Designation of Origin / False or Misleading Advertising / Unfair Competition against Defendants ARTHUR SCHWARTZ d/b/a DIRECT SOFTWARE CONNECTION, PERFECT SHAREWARE, INC., and DOES 1-10, Inclusive)**

**[15 U.S.C. §1125(a)/*Lanham Act* §43(a)]**

68.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-67.

69.    Plaintiff, as the owner of all common law right, title, and interest in and to Plaintiff's Word Marks and Plaintiff's Design Marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* §43(a) (15 U.S.C. §1125).  Plaintiff's Word Marks and Plaintiff's Design Marks are inherently distinctive

and/or have acquired distinctiveness.

70.     Defendants have, without authorization, on or in connection with their goods and services, used in commerce marks that are confusingly similar to Plaintiff's Word Marks and Plaintiff's Design Marks and/or have made false designations of origin which are likely to cause confusion, mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

71.     Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured Plaintiff and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial.  Defendants' actions are causing and will continue to cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's Word Marks and Plaintiff's Design Marks.

72.     On information and belief, the conduct of Defendants has been knowing, deliberate, willful, and intended to cause confusion, mistake or deception, all in blatant disregard of Plaintiff's rights.

73.     Defendants knew or, by the exercise of reasonable care, should have known that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's Word Marks and Plaintiff's Design Marks would cause confusion, mistake, or deception among purchasers, users and the public.

74.     Defendants' egregious and intentional use and sale of unauthorized, counterfeit software bearing Plaintiff's Word Marks and Plaintiff's Design Marks unfairly competes with Plaintiff and is likely to cause confusion, mistake or to deceive, mislead, betray, and defraud consumers to believe that Defendants' unauthorized products are genuine, authorized Adobe-Branded Software.

75.     Defendants' continuing and knowing use of Plaintiff's Word Marks and Plaintiff's Design Marks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the *Lanham Act*, 15 U.S.C. §1125(a), causing Plaintiff to suffer substantial and irreparable

1    injury for which it has no adequate remedy at law.

2          76.    Defendants' wrongful conduct has permitted or will permit them to make

3    substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and

4    consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as

5    alleged herein, Plaintiff has been and will be deprived of sales of its products in an amount as yet

6    unknown but to be determined at trial, and has been deprived and will be deprived of the value of

7    its marks as commercial assets in an amount as yet unknown but to be determined at trial.

8          77.    Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief,

9    including but not limited to preliminary relief, as well as monetary damages and other remedies as

10   provided by the *Lanham Act*, including Defendants' profits, treble damages, reasonable attorneys'

11   fees, costs and prejudgment interest.

12                          **FIFTH CAUSE OF ACTION**

13        **(Trademark Dilution against Defendants ARTHUR SCHWARTZ d/b/a DIRECT**

14        **SOFTWARE CONNECTION, PERFECT SHAREWARE, INC., and DOES 1-10,**

15                                **Inclusive)**

16                            **[15 U.S.C. §1125(c)]**

17        78.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-77.

18        79.    Plaintiff's Word Marks and Plaintiff's Design Marks are distinctive and famous

19   within the meaning of the *Lanham Act*.

20        80.    Upon information and belief, Defendants' unlawful actions began long after

21   Plaintiff's Word Marks and Plaintiff's Design Marks became famous, and Defendants acted

22   knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute

23   or tarnish Plaintiff's Word Marks and Plaintiff's Design Marks.  Defendants' conduct is willful,

24   wanton and egregious.

25        81.    Defendants' intentional sale of unauthorized, counterfeit software bearing

26   Plaintiff's Word Marks and Plaintiff's Design Marks is likely to cause confusion, mistake, or to

27   deceive, mislead, betray, and defraud consumers to believe that Defendants' substandard and/or

28   limited software are authorized, full retail versions of Adobe-Branded Software. The actions of

**COMPLAINT FOR DAMAGES**

Defendants complained of herein have diluted and will continue to dilute Plaintiff's Word Marks and Plaintiff's Design Marks and are likely to impair the distinctiveness, strength and value of Plaintiff's Word Marks and Plaintiff's Design Marks and injure the business reputation of Plaintiff and its marks.

82.    Defendants' acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

83.    As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. §1125(c), Plaintiff is entitled to injunctive relief, including but not limited to preliminary relief, as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## SIXTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices against Defendants ARTHUR SCHWARTZ d/b/a DIRECT SOFTWARE CONNECTION, PERFECT SHAREWARE, INC., and DOES 1-10, Inclusive)**

**[*California Business & Professions Code* §17200 *et seq*.]**

84.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-83.

85.    By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit and/or unauthorized Adobe-Branded Software bearing Plaintiff's Word Marks and Plaintiff's Design Marks, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of *California Business and Professions Code* §17200 *et seq*.

86.    Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in unauthorized, counterfeit copies of Adobe-Branded Software is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing

loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

87.     Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit and/or unauthorized product would cause confusion, mistake or deception among purchasers, users and the public.

88.     By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit and/or unauthorized versions of Adobe-Branded Software bearing Plaintiff's Trademarks, Defendants intended to, did and will induce customers to purchase their products by trading off the extensive goodwill built up by Plaintiff in its marks.

89.     Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, and intended to cause confusion, mistake or to deceive, all in blatant disregard of Plaintiff's rights.

90.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from their infringing activity, and Plaintiff's actual and/or compensatory damages.

91.     Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief, including but not limited to preliminary relief.

/ / /

1    92.    Plaintiff further requests a court order that an asset freeze or constructive trust be

2 imposed over all monies in Defendants' possession that rightfully belong to Plaintiff.

3                                    **PRAYER OF RELIEF**

4         WHEREFORE, Plaintiff Adobe Systems Incorporated prays for judgment against

5 Defendants Arthur Schwartz d/b/a Direct Software Connection, Perfect Shareware, Inc., and Does

6 1-10, inclusive, and each of them, as follows:

7         A.   For an award of Defendants' profits and Plaintiff's damages in an amount to be proven

8              at trial for copyright infringement under 17 U.S.C. §501(a);

9         B.   In the alternative to actual damages and Defendants' profits for the infringement of

10             Plaintiff's Copyrights pursuant to 17 U.S.C. §504(b), for statutory damages pursuant

11             to 17 U.S.C. §504(c), which election Plaintiff will make prior to the rendering of final

12             judgment;

13        C.   For an award of Defendants' profits and Plaintiff's damages in an amount to be proven

14             at trial for trademark infringement under 15 U.S.C. §1114(a);

15        D.   For an award of Defendants' profits and Plaintiff's damages in an amount to be proven

16             at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

17        E.   For an award of Defendants' profits and Plaintiff's damages in an amount to be proven

18             at trial for trademark dilution under 15 U.S.C. §1125(c);

19        F.   For treble damages suffered by Plaintiff as a result of the willful and intentional

20             infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C.

21             §1117(b);

22        G.   In the alternative to actual damages and Defendants' profits for the infringement and

23             counterfeiting of Plaintiff's Trademarks pursuant to the *Lanham Act*, for statutory

24             damages pursuant to 15 U.S.C. §1117(c), which election Plaintiff will make prior to

25             the rendering of final judgment;

26        H.   For restitution in an amount to be proven at trial for unfair, fraudulent and illegal

27             business practices under *California Business and Professions Code* §17200;

28        I.   For consequential and compensatory damages;

- 22 -
**COMPLAINT FOR DAMAGES**

J.  For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit and/or unauthorized product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; acts of copyright infringement; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

K.  For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

L.  For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

M.  For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118 and 17 U.S.C. §503;

N.  For damages in an amount to be proven at trial for unjust enrichment;

O.  For Plaintiff's reasonable attorney's fees;

P.  For all costs of suit; and

Q.  For such other and further relief as the Court may deem just and equitable.


DATED:  August 20, 2018                         JOHNSON & PHAM, LLP


                                                By: /s/ Marcus F. Chaney
                                                Marcus F. Chaney, Esq.
                                                Attorney for Plaintiff
                                                ADOBE SYSTEMS INCORPORATED

**COMPLAINT FOR DAMAGES**

1

## DEMAND FOR JURY TRIAL

2        Plaintiff Adobe Systems Incorporated respectfully demands a trial by jury in this action

3    pursuant to Civil L.R. 3-6(a).

4

5    DATED:  August 20, 2018                          JOHNSON & PHAM, LLP

6
                                                      By: /s/ Marcus F. Chaney
7                                                     Marcus F. Chaney, Esq.
                                                      Attorney for Plaintiff
8                                                     ADOBE SYSTEMS INCORPORATED

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28