UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>    Plaintiff,<br><br>v.<br><br>ARTHUR SCHWARTZ, et al.,<br><br>    Defendants. | Case No. 18-cv-05092-VC<br><br>**ORDER GRANTING DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 29 |

      Adobe's motion for default judgment is granted. Adobe had demonstrated that it meets the factors enumerated by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As for damages, Adobe requests $277,000 in statutory damages for infringement of seven trademarks and nine copyrights. To start, Adobe's request for $7,000 in statutory damages – $1,000 per infringed trademark – is reasonable. *Cf.* 15 U.S.C. § 1117(c)(1). The request for $270,000 in statutory damages for copyright infringement is too high, however, especially when compared to the $48,096 defendants generated in revenue through their infringing conduct. *See* Ex. 12, Dkt. No. 29-13. Taking into consideration the revenue the defendants generated and the goal of discouraging further wrongful conduct, the Court will award $89,000 in statutory copyright damages. *See Sony Computer Entertainment America, Inc. v. Filipiak*, 406 F. Supp. 2d 1068, 1074-75 (N.D. Cal. 2005). The Court arrived at this number by awarding damages for each of Adobe's nine copyrights according to the relative frequency with which the defendants infringed those marks. *See* Appendix; *cf.* 17 U.S.C. § 504(c)(1).

      Therefore, the Court orders that default judgment shall be entered in favor of Adobe and awards $96,000 in total damages for which Arthur Schwartz and Perfect Shareware, Inc. will be

joint and severally liable. The Court further orders that the defendants be permanently enjoined

1) From copying, importing, advertising, offering for sale, selling and/or distributing, whether directly or indirectly, counterfeit Adobe-branded computer software, including any software bearing Adobe's marks that are confusingly similar to the trademarks, trade names, designs or logos of the plaintiff;

2) From using Adobe's registered trademarks in commerce or any copy, reproduction, or colorable imitation, or confusingly similar simulation of Adobe's trademarks on or in connection with the promotion, advertising, distribution, manufacture or sale of any Adobe computer software program;

3) To cancel, withdraw and recall all their promotions, advertisements and merchandise bearing Adobe's registered trademarks or any confusingly similar simulation, which have been published, placed or shipped by the defendants or under the defendants' authority, to any person, entity, or customer, including, without limitation, any publisher, agency, wholesaler, distributor, retailer, consignor or marketer, and also deliver to each publisher or customer a copy of this Court's order as it relates to said injunctive relief against the defendants; and

4) To remove Adobe's registered trademark as the favicon (website/tab icon) for the websites directsoftwareconnection.com and perfect-shareware.com.

**IT IS SO ORDERED.**

Dated: April 8, 2019

_____
VINCE CHHABRIA
United States District Judge

# Appendix

| Copyright | Number of Violations (Sales) | Statutory Damages |
|---|---|---|
| *Adobe Creative Suite 6 Master Collection* | 228 | $30,000 |
| *Adobe Creative Suite 6 Design & Web Premium* | 16 | $10,000 |
| *Adobe Photoshop CS6 Extended* | 53 | $20,000 |
| *Adobe Photoshop CS5 Extended* | 3 | $1,000 |
| *Adobe Photoshop CS4 Extended* | 2 | $1,000 |
| *Adobe photoshop CS3 Extended* | 2 | $1,000 |
| *Adobe Photoshop Lightroom 4* | 70 | $20,000 |
| *Adobe Photoshop Lightroom 3* | 5 | $5,000 |
| *Adobe Photoshop Lightroom 2* | 2 | $1,000 |
| ***Total*** | **381** | **$89,000** |

*See* Supplemental Brief at 2-3, Dkt. No. 32; Ex. 12, Dkt. No. 29-13.